UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA LESKINEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA; et al.,<br><br>　　　　Defendants. | No.  2:16-cv-1265 GEB AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Defendant's motion to dismiss (ECF No. 9) came on for hearing before the undersigned on November 16, 2016.  Plaintiff Laura Leskinen appeared in pro per.  Bruce A. Emard appeared on behalf of the defendant.  The proceeding has been referred to the magistrate by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff brings suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.  The FTCA waives the government's sovereign immunity, and makes it liable, for torts committed by "any employee of the Government while acting within the scope of his office or employment," so long as the claim was first presented to, and denied by, the employing agency (with some exceptions).  28 U.S.C. §§ 2674, 2675(a).

///

///

1

I.  BACKGROUND

The facts are taken as true only for purposes of this motion.  According to the complaint and attached exhibits, plaintiff was supposed to inherit property worth $52,062.50 under her grandmother's will.  Id. at 21.  The executrix of the will, Carolyn A. Halsey, conspired with others to deprive plaintiff of her share of the will.  Id. at 22.  Plaintiff thereupon sued Halsey and others in this court.  Id. at 22; Leskinen v. Halsey, 2:10-cv-3363 MCE KJN (E.D. Cal. Dec.17, 2010).  Judge Newman transferred the case to the U.S. District Court for the Eastern District of New York, over plaintiff's objections.  Leskinen, 2:10-cv-3363, ECF No. 116 (Jan. 24, 2012).[1]  There, the case was assigned to District Judge Joseph F. Bianco and Magistrate Judge E. Thomas Boyle.  See Leskinen v. Halsey, 2:12-cv-0623 JFB ETB, ECF No. 118 (E.D. N.Y. Feb. 9, 2012).

II.  THE COMPLAINT

This lawsuit claims that some of the federal judges who handled her case broke the law, violated her constitutional rights, and violated the "Judicial Canons," and seeks to hold the United States liable for their conduct under the FTCA.  Compl. (ECF No. 1).  The complaint alleges that plaintiff timely presented her FTCA claim to the Administrative Office of the U.S. Courts, which denied the claim on February 4, 2016.  Compl. at 4 ¶ 4 (claim allegation), 29 (claim rejection letter).  Plaintiff filed her complaint here on June 9, 2016.

The alleged federal tortfeasors in this action are all alleged to be federal judges:

- E. Thomas Boyle, U.S. Magistrate Judge, E.D.N.Y.
- Joseph Bianco, U.S. District Judge, E.D.N.Y.
- Second Circuit Judges:
    - Dennis Jacobs
    - Chester J. Straub
    - Reena Raggi

Compl. (ECF No. 1) at 20.

The claims arise from the following conduct, which allegedly occurred after the case was transferred to the Eastern District of New York.

---

[1] Appeal dismissed, ECF No. 125 (9th Cir. March 13, 2012), cert. denied, 133 S. Ct. 335 (2012).

1    On May 17, 2012, Judge Boyle held a telephone status conference, during which he stayed

2  discovery, and "promptly" hung up.  Complaint at 23; Leskinen, 2:12-cv-0623 (E.D. N.Y.), ECF

3  No. 141 (Minutes).  Plaintiff alleges that this violated her due process rights.  Compl. at 23.

4    On March 5, 2013, Judge Bianco issued an order in which he rejected "plaintiff's

5  evidentiary challenges" to allegedly fraudulent documents as "baseless."  Compl. at 23;

6  Leskinen v. Halsey, 2013 WL 801128 at *2, 2013 U.S. Dist. LEXIS 31532 at *8.[2]  Plaintiff

7  alleges that this violated her due process and equal access rights, and the "Judicial Canons."

8  Compl. at 23.  Plaintiff also argues that by filing that order, and having it served on the parties,

9  Judge Bianco filed a false instrument and committed mail fraud.  See, e.g., ECF No. 13 at 3.

10 Judge Bianco also dismissed the action without leave to amend.  Leskinen, 2:12-cv-0623

11 (E.D. N.Y), ECF No. 182 at 6-7.

12   On March 21, 2013, plaintiff appealed to the Second Circuit.  Complaint at 23; Leskinen,

13 2:12-cv-0623, ECF No. 184.  On June 27, 2014, the Second Circuit – Judges Jacobs, Straub and

14 Raggi – affirmed the dismissal of plaintiff's case, and rejected her claims, including those of

15 "judicial bias or misconduct," as being "without merit."  Compl. at 24; Leskinen v. Halsey,

16 571 F. App'x 36.  Later, the Second Circuit assessed costs against plaintiff.  Compl. at 24.

17 Plaintiff does not specify what constitutional or other violations occurred as a result of the Second

18 Circuit judges' conduct, but "her claim against the United States is based on these and other

19 actions …."  Id.

20                                III.  ANALYSIS

21   It is clear from the allegations of the complaint that plaintiff is suing these federal judges

22 for conduct that was within the course and scope of their judicial duties.  The case must therefore

23 be dismissed on the grounds of absolute judicial immunity, which the United States can assert as

24 its own defense.  28 U.S.C. § 2674 ("the United States shall be entitled to assert any defense

25 based upon judicial or legislative immunity which otherwise would have been available to the

26 employee of the United States whose act or omission gave rise to the claim"); Lonneker Farms,

27 Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys absolute judicial

28 ---
[2] Aff'd, 571 F. App'x 36 (2d Cir. 2014) (per curiam), cert. denied, 135 S. Ct. 1702 (2015)

immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction").

Plaintiff argues that the actions she complains of are not within the alleged tortfeasors' duties.  However, she has alleged no conduct outside of their judicial duties.  Plaintiff's Opposition only reinforces the conclusion that the acts complained of were judicial acts, such as filing and serving an order on the electronic court filing (ECF) system:

> Filing a false instrument by any employee of the United States Government is a criminal act, both in the federal and state court system.  Mailing said document (EDNY Order of March 5, 2013) and its subsequent transmission via electronic court filing system are predicate acts of mail fraud and wire fraud.  18 U.S.C §1341 and 1343 respectively.  These are predicate acts in violation of the RICO statutes 18 U.S.C. Section 1961, 1962, 1963 and 1964 et seq.  These acts are also in violation of California common law of torts sounding in fraud and negligence.  [¶]  The aforestated acts were not acts that were/are part of the judicial duties.

ECF No. 13 at 8.

Plaintiff also argues that she "dismissed" or "disqualified" Judge Bianco from the case, so he was acting outside the scope of any judicial duties.  See, e.g., ECF No. 13 at 3.  The complaint alleges no facts that plausibly allege that Judge Bianco was dismissed or disqualified from the case.  The exhibits indicate that plaintiff thinks she disqualified Judge Bianco under 28 U.S.C. § 144.  Under that statute, plaintiff can file an affidavit establishing the judge's bias or prejudice.  However, it is up to the judge to disqualify himself, as the affidavit does not work an automatic recusal.  See 28 U.S.C. § 455 (judicial disqualification); see also, Glick v. Edwards, 803 F.3d 505 (9th Cir. 2015) (affirming decision not to recuse even though judge was a party, under the rule of necessity), cert. denied, 196 L. Ed. 2d 112 (2016).

Plaintiff's allegations plead her out of court.  The complaint should therefore be dismissed with prejudice.  Plaintiff's arguments at the hearing on this motion confirmed that she is suing defendants because of their judicial actions, although she disputes that characterization.  Her argument that the alleged impropriety of adjudicatory acts renders them non-judicial is without merit and must be rejected.

////

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED THAT:

1. Defendants' motion to dismiss (ECF No. 9), should be granted; and

2. The complaint should be dismissed, in its entirety, with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  November 16, 2016.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE